UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANAID SEWAD EL,<br><br>          Petitioner,<br>   v.<br><br>MANCHESTER CORPORATION, EAST HARTFORD CORPORATION, MANCHESTER COUNTY SUPERIOR COURT BUILDING, and JASON LOBO,<br><br>          Respondents. | 3:16-cv-01437 (CSH)<br><br>**FEBRUARY 15, 2017** |

## RULING ON RESPONDENTS' MOTION TO DISMISS

**HAIGHT**, Senior District Judge:

     Petitioner filed a *pro se* petition for writ of habeas petition on August 23, 2016. Petitioner essentially alleges that in April 2016 she was illegally stopped by a police officer for an unregistered vehicle, forced to come to court several times, and told improperly to pay a fine. Doc. 1. Respondents filed a Motion to Dismiss the petition on September 23, 2016 on the basis that the Court lacks jurisdiction to consider the petition, or alternatively, the Court must abstain from deciding the petition. Doc. 4. Petitioner's response was due by October 14, 2016. Petitioner failed to respond at all to Respondents' motion and has not filed anything related to the petition. The Court considers and grants Respondents' unopposed motion because this Court plainly lacks subject matter jurisdiction to consider the petition.

     It is plain from what the Court can discern in the allegations in the petition that Petitioner is not in any federal or state custody or subject to any criminal sentence or restraint. Petitioner alleges that she was free to go after the traffic stop, that she had to appear for subsequent court appearances, and she gives no indication that she was detained or subject to any criminal sentence

or bail requirement at the time the petition was filed, or any time prior to or after the filing for that matter. *See* Doc. 1. Indeed, Respondents have shown that the charges related to the traffic stop had not been resolved as of the date of the motion to dismiss and neither charges would expose Petitioner to custodial incarceration upon prosecution. Doc. 4 at 1-2; Ex. B. "A district court is without jurisdiction to entertain a writ of habeas corpus or a § 2255 motion if the relator or movant is not in custody." *United States v. Brilliant*, 274 F.2d 618, 620 (2d Cir. 1960). "[T]o invoke habeas corpus review by a federal court, the petitioner must satisfy the jurisdictional 'in custody' requirement of 28 U.S.C. § 2255." *Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994); *see also Reyes-Sanchez v. Ashcroft*, 261 F. Supp. 2d 276, 282-83 (S.D.N.Y. 2003) (discussing the same "in custody" requirement for a petition pursuant to 28 U.S.C. § 2241). This requirement must be met at the time the petition is filed. *Scanio*, 37 F.3d at 860. Thus, the Court does not have jurisdiction to entertain a federal habeas corpus petition from Petitioner. *See, e.g.*, *Haynes v. Fiorella*, No. 10-0843S(F), 2010 WL 4365832, at *1-2 (W.D.N.Y. Nov. 3, 2010) (dismissing a habeas petition as premature where the court lacked jurisdiction and petitioner had not exhausted state court remedies).

In light of the foregoing, the Court hereby GRANTS Respondents' [4] Motion to Dismiss. The Petition for Writ of Habeas Corpus is, therefore, DISMISSED WITHOUT PREJUDICE. The Clerk is directed to close this action.

**It is SO ORDERED.**

**Dated: New Haven, Connecticut**
       **February 15, 2017**

                                                                */s/ Charles S. Haight , Jr.*
                                                                **Charles S. Haight, Jr.**
                                                                **Senior United States District Judge**